### 31138.   HILL *v.* THE STATE.

DECIDED JUNE 13, 1946.   REHEARING DENIED JULY 23, 1946.

*W. L. Nix*, for plaintiff in error.

*Charles C. Pittard, Solicitor,* contra.

BROYLES, C. J. The defendant was tried on an accusation containing three counts. A general verdict of guilty was returned, which meant guilty on all three counts. The motion for a new trial was denied, and the defendant excepted. Count 1 of the accusation charged that the accused, on April 5, 1945, did "unlawfully possess distilled spirits and alcohol which did not bear the tax stamps required by § 58-1056 of the Code of Georgia." Count 2 charged that the accused, on April 5, 1945, did unlawfully possess more than one quart of alcoholic liquors, "as defined in § 58-1011 of the Code of Georgia, the County of Gwinnett [where the alleged offense was committed] not being one of the counties in Georgia within which such liquors might be legally sold and transported under the terms of § 58-1704 [58-1074] of the Georgia Code." Count 3 charged that the accused "did then and there unlawfully possess the alcoholic liquors and beverages, as defined by § 58-1011 of the Code of Georgia, upon which the State tax and license fee due the State of Georgia had not been paid and which did not bear the tax stamp required by § 58-1056 of the Code of Georgia."

Upon the trial the court charged the jury that they should consider each count separately, and if they should find the defendant guilty on all of the counts, the form of their verdict should be: "We, the jury, find the defendant guilty as charged." That charge was excepted to solely on the ground that *in counts 1 and 3* the defendant was charged with the same violation, to wit, of the tax-stamp law, and therefore the charge authorized the jury to convict him twice for the same offense. It is apparent that counts 1 and 3 charged the same offense, and that count 3 charged it in greater detail than count 1 did; and the solicitor-general contends in his brief that the different counts of the accusation charged one offense only, committed in one and the same transaction. Certainly, counts 1 and 3 charged the same offense committed in the same transaction.

Assuming, but not deciding, that the above-quoted charge of the judge was error, it appears from the record that he imposed only one sentence upon the defendant, and there is a reasonable implication therefrom that *in imposing the sentence,* he was treating the defendant's criminal transaction, for which he was convicted, as

one offense only. Therefore, we think that, under the facts of the case, the error, if error, in the charge was not prejudicial to the accused for any reason assigned.

The evidence, while wholly circumstantial, was amply sufficient to authorize the jury to find, to the exclusion of every other reasonable hypothesis, that the defendant was guilty of possessing ten gallons of non-tax-paid whisky on the occasion charged in the accusation.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre, J., concurs. Gardner, J., concurs in the judgment.*